# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Washington Mutual Bank** | Case No. 1:07-cv-00953 |
| Plaintiff, | Judge Christopher A. Boyko |
| vs. | **JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |
| **Bonnie Louise Hite, htta Bonnie L. Hite, et al.** | |
| Defendants. | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the City of Conneaut, County of Ashtabula, State of Ohio:

All that parcel of land situated on the north side of Lake Road, a 60' R/W, in the City of Conneaut, County of Ashtabula, State of Ohio, being part of Lot #20, Section 2, Township 14, Range 1 of the Connecticut Western Reserve, bounded and described as follows:

Beginning at the southwest corner of lands herein described, at a point on the North R/W line of Lake Road 0.16' west of a 5/8" iron pin (fnd), said point also being the southeast corner of lands of Patricia F. Buchner as described in volume 232 page 765, and said point being distant the following two courses from an inaccessible monument box located at the intersection of the centerlines of Lake Road and Salisbury Road:
North 67 deg 00' 57" East along the centerline of Lake Road 1673.84 feet to a point;

thence, North 12 deg. 23' 21" West a distance of 30.52 feet;

thence from said point of beginning the following courses:
1) North 12 deg. 23' 21" West, along the east line of said lands of Buchner, passing over 5/8" iron rebars (set) at distances of 20.00 feet, 120.00 feet, 211.00 feet, 300.50 feet and 420.80 feet, passing a 5/8" iron pin (fnd 0.24' West) at a

distance of 510.90 feet, and passing over a concrete monument (fnd) on the top of the high bank of Lake Erie at a distance of 517.27 feet, a total distance of 686.25 feet to the Lake Erie waters' edge, said point being the northwest corner of lands herein described; thence,

2) North 63 deg .20' 44" East, along the Lake Erie waters' edge, a distance of 173.33 feet to a point, said point being the northwest corner of lands of P. & M. McKenna as described in volume 48 page 3838, and also the northeast corner of lands herein described; thence,

3) South 12 deg. 19' 20" East, along said lands of McKenna, passing over a 5/8" iron rebar (set) on the top of the high bank of Lake Erie at a distance of 167.81 feet, and passing over a 5/8" iron rebar at a distance of 497.69 feet, a total distance of 697.69 feet to a 5/8" iron rebar (set) on the north R/W line of Lake Road, said point being the southeast corner of lands herein described; thence,

4) South 67 deg 00' 57" West, along the north R/W line of Lake Road, passing over a concrete monument (fnd and used) at a distance of 70.08 feet; a total distance of 170.08 feet to the point of beginning.

Said parcel containing 2.662 acres, having erected thereon a house and outbuildings, as per a survey done September 15, 2003 by Robert L. Rabell, PLS Ohio #S-7306, together with a 9 foot wide driveway easement centered over the herein described east property line as previously recorded in deed volume 407 page 437 Ashtabula County deed Records dated 8/27/1946.

The bearings are rotated to agree with the west line of lands of Albert Mucci as surveyed by Fred Bennett, PLS in March, 1981.

All iron pins set are 5/8" iron rebars, 30" in length, with identification caps stating "R.L. Rabell Survey Point OH #S-7306".

The intent of this instrument is a description of the combination of 2 parcels of land of Bonnie Louise Hite, both currently described in volume 268, page 2357.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Bonnie Louise Hite, htta Bonnie L. Hite and William A. Hite III have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Bonnie Louise Hite, htta Bonnie L. Hite executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Bonnie Louise Hite, htta Bonnie L. Hite and William A. Hite III executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $1,026,884.86 plus interest on the principal amount at the rate of 7.608% per annum from November 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Bonnie Louise Hite, htta Bonnie L. Hite.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the

Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

The Court acknowledges that as the result of scrivener's error, excusable neglect, and mutual mistake of fact between the parties thereto, the Mortgage contained an incorrect legal description. Because this mistake was the result of scrivener's error, excusable neglect, and mutual mistake of fact between the parties, the Court finds that Plaintiff is entitled to have the Mortgage reformed. Therefore, the Court hereby reforms the legal description in the Mortgage to match the legal description as described previously in this Judgment Entry.

The Court finds that the Plaintiff has an additional interest by virtue of a second mortgage in the amount of $250,000.00, filed for record on January 17, 2006, and recorded at in Official Records Volume 362, Page 876, Recorder's Office, Ashtabula County, Ohio Recorder's Office, Ashtabula County, OH. This mortgage shall be released after the confirmation of sale.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who

have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Ashtabula County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** June 8, 2007

      s/Christopher A. Boyko
      Judge Christopher A. Boyko
      UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff

G:\Cases - TM\07-06781\mdj-070508-MAH.wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Washington Mutual Bank | Case No. 1:07-cv-00953 |
| Plaintiff, | Judge Christopher A. Boyko |
| vs. | **JUDGMENT** |
| Bonnie Louise Hite, htta Bonnie L. Hite, et al. | |
| Defendants. | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

The Court having contemporaneously entered its Default Judgment and Decree of Foreclosure, this action is accordingly terminated pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATE: June 8, 2007

    s/Christopher A. Boyko
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

G:\Cases - TM\07-06781\mdj-070508-MAH.wpd